CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 24 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT STEVEN JOYCE, | ) | Civil Action No. 7:07cv00447 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | |
| CAPTAIN NELSON THOMAS, | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |

Plaintiff Robert Steven Joyce, a Virginia inmate proceeding pro se, filed this complaint against Captain Thomas, which the court construed as an action under 42 U.S.C. §1983. Joyce alleges that Thomas denied his request to go to his father's funeral in order to retaliate against Joyce because he filed a civil action against him in this court. The court finds that Joyce's allegation fails to state a claim upon which relief may be granted, and, therefore dismisses his action pursuant to 28 U.S.C. § 1915A(b)(1).

## I.

Joyce claims that as a result of him filing a separate civil action against Captain Thomas, Thomas retaliated against him by denying him the opportunity to go to his father's funeral on August 16, 2007. However, in the paperwork submitted by Joyce, there is a note to Joyce from Sgt. Whitlow that states that Captain Thomas and Sgt. Whitlow took Joyce to view his father's body on the afternoon of August 16, 2007, prior to the funeral. The note also stated that Joyce was not being taken to the wake/funeral due to security concerns. Joyce does not dispute Sgt. Whitlow's response to his letter. In Joyce's previous suit against Thomas, Joyce claimed that Thomas denied him adequate medical treatment. See Civil Action No. 7:07cv00339. However, on August 1, 2007, before the alleged retaliation occurred, Joyce's claim regarding denial of adequate medical care against defendant Captain Thomas was dismissed and Thomas was terminated as a defendant to the action.

## II.

It is well settled that state officials may not retaliate against an inmate for exercising his constitutional rights, including his right to access the courts. See American Civ. Liberties Union v. Wicomico County, 999 F.2d 780, 785 (4th Cir. 1993). However, in order to sustain a cognizable retaliation claim under § 1983, an inmate must point to specific facts supporting his claim of retaliation. White v. White, 886 F.2d 271 (4th Cir. 1989). "[B]are assertions of retaliation do not establish a claim of constitutional dimension." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (federal courts should regard inmate claims of retaliation with "skepticism"). In this case, Joyce does not point to any facts that suggest that the denial of his attendance at his father's funeral was based on a retaliatory motive. Moreover, the fact that Captain Thomas took Joyce to view his father's body prior to the funeral further suggests that the decision that he could not attend the funeral was not made in retaliation, but rather was made in concern of security as indicted by Sgt. Whitlow's response. Accordingly, the court finds that Joyce's conclusory allegation of retaliation fails to state a claim on which relief may be granted under 42 U.S.C. § 1983.

## II.

For the stated reasons, Joyce's complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and accompanying Order to plaintiff.

ENTER: This 2 4th day of September, 2007.

United States District Judge